

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2007

# Gurung v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1066

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gurung v. Atty Gen USA" (2007). *2007 Decisions.* Paper 107.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/107

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1066

———

HEMRAJ GURUNG,
                            Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES,
                            Respondent

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A79-307-224)
Immigration Judge:  Hon. Annie S. Garcy

———

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2007

Before:  SLOVITER, AMBRO, Circuit Judges, and RESTANI*, Judge

(Filed: December 11, 2007)

———

OPINION

———

SLOVITER, Circuit Judge.

—————————————

   * Hon. Jane A. Restani, Chief Judge, United States Court of
International Trade, sitting by designation.

# I.

Hemraj Gurung, a native of Bhutan, overstayed his authorization to remain in the United States in violation of section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). Gurung maintained that his political activities in Bhutan, Nepal, and India advocating for democracy in Bhutan prevented his safe return to his home country.

The Immigration and Naturalization Service ("INS")[1] charged Gurung with removability. Gurung appeared before an Immigration Judge ("IJ"), conceded his removability, and sought relief, including political asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ granted Gurung's asylum application, subject to reopening if the INS obtained evidence that a letter purportedly from the United Nations High Commissioner for Refugees ("UNHCR") in support of Gurung was in fact fraudulent. The INS filed a motion to reopen proceedings with evidence that this document was fraudulent. The IJ granted the motion and vacated the order granting asylum.

At a merits hearing on Gurung's application on November 10, 2003, Gurung's counsel acknowledged that the introduction of the false UNHCR letter created a presumption of adverse credibility, but Gurung testified that he feared persecution in Bhutan for his political activities. He testified to having been arrested and beaten in

---

[1]The functions of the INS were transferred to the Department of Homeland Security as of March 1, 2003. <u>See</u> 6 U.S.C. § 271 (2002).

August 1989 for writing a newspaper article critical of the condition of a school he had attended. He also testified to having been arrested by Bhutanese police in India in December 1989 and imprisoned, interrogated, and beaten for two months. He was released only after he agreed in writing to refrain from further political activity but was re-arrested one week later in his village in Bhutan, and detained for a week at the police station, released to spy for the government. Gurung asserted he then lived in India for approximately two years, where he was arrested and detained, and arrested twice in Nepal following political demonstrations, and detained for two to three hours each time. Gurung admitted that he had obtained false documentation for a visa to enter the United States.

The IJ found that Gurung lacked credibility and failed to establish his identity and nationality, and denied Gurung's applications for asylum and withholding of removal. The BIA affirmed without opinion.

## II.

We need not set forth the applicable legal propositions, as the parties are well aware of them. In finding Gurung incredible, the IJ noted the false letter purportedly from the UNHCR, the false documents Gurung obtained to enter the United States, and statements in support of Gurung from individuals who had obtained these false documents. The IJ further found that it is "implausible" that the Bhutanese government would consider Gurung to be a threat, given that his main action against the government was a letter he published in a newspaper criticizing the state of repair of a school in 1989.

3

In addition, the IJ found indication that the newspaper clipping Gurung submitted as evidence was a fabrication. Also, the IJ noted the possibility that Gurung had been arrested in India for immigration violations or a crime, as opposed to political activity. Finally, the IJ highlighted vagueness and inconsistencies in Gurung's testimony about his identity and nationality, time spent in Nepal and India, and dates of his arrests.

The IJ's adverse credibility finding was founded on evidence in the record, rather than mere conjecture, and the questionable evidence highlighted by the IJ goes to the heart of Gurung's claim for asylum.[2] Berishaj v. Ashcroft, 378 F.3d 314, 323 (3d Cir. 2004); Xie v. Ashcroft, 359 F.3d 239, 246 (3d Cir. 2004). Therefore, the IJ did not err in concluding that Gurung had not established with credible evidence past persecution or a well-founded fear of future persecution if he were to return to Bhutan.

## III.

We conclude that substantial evidence supports the IJ's adverse credibility determination. Because the IJ found that Gurung had not successfully established an asylum claim, the IJ did not err in concluding that Gurung necessarily did not meet the burden for withholding of removal under the INA or CAT. Accordingly, we will deny the petition for review.

---

[2]Because this claim for asylum was filed prior to the effective date of the REAL ID Act of 2005's new credibility determination standard (see 8 U.S.C. § 1158(b)(1)(B)(iii)), we review the IJ's finding under our case law which predated the REAL ID Act. Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007).

4